IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| URSULA Q. QUINTO, | CASE NO. 5:12-CV-00754-EJD |
| Plaintiff, | **ORDER DISMISSING FEDERAL CLAIMS AND REMANDING CASE TO STATE COURT** |
| v. | |
| WORLD SAVINGS BANK FSB et al. | |
| Defendants. | [Re: Docket Item No. 7] |

Before the court is the motion of Defendants World Savings Bank FSB, Wells Fargo Bank N.A., and Golden West Savings Association Service Co. to dismiss the complaint for failure to state a claim. Wells Fargo removed this case from Superior Court on the ground that the complaint raises a question of federal law. The Notice of Removal is based on the Plaintiff's assertion of violations of three federal laws: the Truth In Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), and the Federal Trade Commission Act (FTCA). The court takes the Defendants' motion under submission without oral argument pursuant to Civil L.R. 7-1(b). Because all of the Plaintiff's federal claims are time-barred, this court dismisses them with prejudice and remands the case to the Superior Court for the County of Monterey.

All of Plaintiff's claims arise out of a mortgage loan transaction which was consummated on July 6, 2006. Claims for damages under TILA have a one-year statute of limitations, 15 U.S.C. § 1640(e), and claims for rescission under TILA have an absolute three-year limitation period. 15

1  U.S.C. § 1635(f). Plaintiff's RESPA claims for payment of a Yield Spread Premium are construed as
2  brought pursuant to 12 U.S.C. § 2607, for which Congress set a one-year period of limitations. 12
3  U.S.C. § 2614. Finally, Plaintiff's Sixteenth Cause of Action —even if generously construed as a
4  UCL claim which is necessarily predicated on the Federal Trade Commission Act—is still subject to
5  the four-year UCL statute of limitations. Cal. Bus. & Prof. Code § 17208.

6      This action was filed on December 24, 2011, four years and five months after the loan
7  closed. All of the above-referenced causes of action have therefore expired and must be dismissed
8  unless Plaintiff can establish some basis for the equitable tolling of the limitations periods.

9      Taken together, the complaint along with judicially noticeable documents establish that
10 tolling is inappropriate in this case. Plaintiff signed the Deed of Trust on July 6, 2006, before a
11 notary; in the Deed, she acknowledged receipt of a copy of the Note and the Deed. Req. Judicial
12 Notice Ex. 1 ¶ 16, ECF No. 8.[1] Her acceptance of a $366,000 loan at least triggered the obligation to
13 do due diligence to identify any irregularities in the loan package. See Cervantes v. Countrywide
14 Home Loans, Inc., 656 F.3d 1034, 1045–46 (9th Cir. 2011); accord Dorado v. Shea Homes Ltd.
15 Partnership, 1:11-cv-01027, 2011 WL 3875626 at *10 (E.D. Cal. Aug. 31, 2011). The authority cited
16 by the Plaintiff in support of equitable tolling is readily distinguishable because, unlike the Plaintiff
17 here, the borrowers in that case did affirmatively establish diligence. See Gonzalez v. Ameriquest
18 Mortgage Co., C 03-00405 JSW, 2004 WL 2472249 at *1, *5 (N.D. Cal. Mar. 1, 2004).

19     The thrust of Plaintiff's opposition to the motion to dismiss is that the mortgage industry
20 systematically takes advantage of individuals in situations similar to hers, and that "the public policy
21 ramifications of this suit should far outweigh the procedural issues." Opp. at 19, ECF No. 14. This
22 argument, however sympathetic, relies on a fundamental misunderstanding of the role of the court.
23 Courts apply the laws to the facts of each case.

24     Because all relevant statutes of limitations have expired and because equitable tolling is not
25 warranted upon review of the allegations of the complaint and of documents subject to judicial
26 notice, the court hereby DISMISSES Plaintiff's TILA, RESPA, and UCL–FTCA claims, pleaded as

27

28     [1] The court grants Defendants' unopposed Request for Judicial Notice as to its attached Exhibit 1.

causes of action nos. 5, 6, and 16 (and to the extent predicated on federal law, no. 23) WITH PREJUDICE. Pursuant to 28 U.S.C. § 1367(c), the court declines jurisdiction over the remaining state law claims.

Having declined to exercise jurisdiction over the remaining state law claims, the court abstains from ruling on Defendants' argument that Quinto should be estopped from bringing any of these claims because she failed to disclose their existence in bankruptcy. That question may be decided by the Superior Court.

The case is hereby REMANDED to the Superior Court for the County of Monterey. The case management conference and hearing set for this Friday, June 22, are hereby VACATED. The Clerk shall transmit the file and close the case.

**IT IS SO ORDERED.**

Dated:  June 19, 2012



EDWARD J. DAVILA
United States District Judge